we cannot conclude that the result is incorrect.

SUMMERS, J., is of the opinion the writ should be granted. Reasons assigned.

SUMMERS, Justice (dissenting from the refusal to grant review).

I agree with the conclusion of the trial judge, upon the finding of fact made by him, that there is no evidence of record to establish that the Commissioner was authorized by the Louisiana Livestock Sanitary Board to institute this or any suit on behalf of the Board. La.Code Civ.P. arts. 1393–4. As the legislation on the subject (La.R.S. 3:2093) plainly provides: "The Commissioner of Agriculture . . . shall be empowered to employ all necessary personnel to carry out the policies, and such rules, regulations and ordinances adopted by the . . . Board . . . ." In matters of this nature, therefore, the Commissioner acts for and on behalf of the Board and he must establish the necessary authorization of the Board approving his actions.

260 So.2d 697

**W. T. GRANT COMPANY**

v.

**Lawrence MITCHELL.**

**No. 52388.**

April 25, 1972.

(See order.)

The petition of the relator in the above entitled and numbered case having been duly considered,

It is ordered that a writ of certiorari issue herein, directing the Honorable Arthur J. O'Keefe, Jr., Judge of the First City Court of the City of New Orleans, to transmit to the Supreme Court of Louisiana, on or before the 4th day of October,

1972, the record in duplicate, or a certified copy of the record in duplicate, of the proceedings complained of by the relator herein, to the end that the validity of said proceedings may be ascertained.

It is further ordered that the aforesaid Judge of said Court and the respondent through counsel shall show cause, in this court, on the date aforesaid, at 11 o'clock A. M., why the relief prayed for in the petition of the relator should not be granted.